## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

CASEY LEE TURK,

      Petitioner,

    vs.

BROADWATER COUNTY JAIL,
MONTANA STATE PRISON

      Respondents.

CV-20-61-H-SEH

ORDER

This case is before the Court on a state pro se petition filed by Casey Lee Turk. Habeas corpus relief under 28 U.S.C. § 2241 is sought.[1] The petition is denied.

## I.   Turk's Federal Habeas Petition

Turk asserts he is being held in the Broadwater County Jail on a no bond probation/parole warrant issued by the Montana Probation and Parole Office in Butte.[2] He claims he was not served with a copy of the purported violations within 72-hours, that he was not provided a hearing within five days, and that the

---

[1] *See* Doc. 1.

[2] *See Id.* at 1.

Montana state "incentives and interventions grid" was not applied in his case.[3]

Release is sought.[4]  In the alternative, Turk requests the state be required to utilize

the "incentives and interventions grid" in his case and provide a hearing during

which Turk is allowed to speak and advocate on his own behalf.[5]

Turk's filing declares he is in custody as a result of a warrant for a purported

probation/parole violation issued by the Montana Department of Corrections.  His

current supervision and custody stem from an underlying state court judgment of

conviction.[6]  Turk cannot proceed under 28 U.S.C. § 2241.[7]

28 U.S.C. § 2254 provides the sole remedy for any challenge to detention for

one in custody by reason of a state court judgment.[8]  Turk's petition does not

identify a cognizable federal claim.  Relief under 28 U.S.C. § 2254 has not been

shown.[9]  An amended petition under § 2254 at this juncture would be futile.

---

[3] *See Id.* at 2, 6.

[4] *See Id.* at 7.

[5] *Id.*

[6] Turk has recent convictions out of Broadwater, Lewis and Clark, and Powell counties.  *See* https://app.mt.gov/conweb/Offender/2136950 (accessed August 4, 2020).

[7] *See White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (en banc); *see also Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004).

[8] *See White,* 370 F.3d at 1009–10.

[9] *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (federal habeas corpus relief does not lie for errors of state law).

Moreover, a federal court may not grant a writ of habeas corpus brought by an individual in custody on a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."[10]

> "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[11]

The requirement of exhaustion of state remedies under 28 U.S.C. §§ 2254(b) and (c) has not been satisfied.[12]  In addition, Turk has not pursued state court remedies that may be available and that must be exhausted before seeking review in this Court.[13]  Dismissal is without prejudice.

## II.    Certificate of Appealability

Turk has not made "a substantial showing of the denial of a constitutional right."[14]  His petition presents no issues that are "debatable among jurists of

---

[10] 28 U.S.C. §2254(b)(1)(A).

[11] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

[12] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

[13] *See generally*, Montana Supreme Court Docket: https://appecm.mt.gov/PerceptiveJUDDocket/ (accessed August 4, 2020); *See also O'Sullivan*, 526 U.S. at 845; *Rose v. Lundy*, 455 U.S. 509 (1982).

[14] 28 U.S.C. § 2253(c)(2).

reason" or "adequate to deserve encouragement to proceed further."[15]  A certificate of appealability is denied.

ORDERED:

1.    Turk's Petition[16] is DISMISSED without prejudice.

2.    The Clerk of Court should be directed to enter judgment of dismissal.

3.    A certificate of appealability is DENIED.

DATED this 12th day of August, 2020.

Sam E. Haddon
United States District Court Judge

---

[15] *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000); *see also Dixon v. Ryan* 932 F.3d 789, 808 (9th Cir. 2019).

[16] Doc. 1.